IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE OLYMPIC PENINSULA NARCOTICS ENFORCEMENT TEAM, BILL BENEDICT CLALLAM COUNTY SHERIFF, CLALLAM COUNTY SHERIFF'S DEPARTMENT and CLALLAM COUNTY, | ) ) ) ) ) ) ) | No. 75635-4-I

DIVISION ONE |
| Appellants, | ) ) ) | |
| v. | ) ) | |
| REAL PROPERTY KNOWN AS 1) JUNCTION CITY LOTS 1 THROUGH 12 INCLUSIVE, BLOCK 35 2) LOT 2 OF THE NELSON SHORT PLAT LOCATED IN JEFFERSON COUNTY, AND ALL APPURTENANCES AND IMPROVEMENTS THEREON, OR PROCEEDS THEREFROM, | ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondents in rem, | ) ) | |
| STEVEN L. FAGER, DBVWC, INC., a Washington corporation and THE LUCILLE M. BROWN LIVING TRUST, | ) ) ) ) ) | |
| Interested Parties. | ) | FILED: May 22, 2017 |

FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
2017 MAY 22 AM 10: 00

SCHINDLER, J. — The Uniform Controlled Substances Act, chapter 69.50 RCW, allows seizure and forfeiture of real property the owner knows is being used or intended

to be used in the manufacture of controlled substances.[1] In a contested civil forfeiture proceeding, the law enforcement agency has the initial burden of proving probable cause to seize the property by a preponderance of the evidence. A property owner who substantially prevails is entitled to an award of reasonable attorney fees in the civil forfeiture proceeding.[2] The Olympic Peninsula Narcotics Enforcement Team (OPNET), Clallam County Sheriff Bill Benedict, the Clallam County Sheriff's Department, and Clallam County (collectively, Clallam County) appeal the findings of fact, conclusions of law, and order awarding Steven Fager and Timothy Fager $295,185.64 in attorney fees. Because substantial evidence does not support finding Timothy Fager is a claimant in the civil forfeiture proceeding, he is not entitled to an award of attorney fees. But substantial evidence supports finding Steven Fager is entitled to an award of attorney fees reasonably incurred as the substantially prevailing claimant in the civil forfeiture. We reverse in part, affirm in part, and remand to determine the amount of reasonable attorney fees Steven Fager incurred in the civil forfeiture proceeding.

FACTS

Criminal Charges and Civil Forfeiture Action

In September 2009, OPNET detectives requested the court issue search warrants for utility records and a thermal-image search of property located at 115 Freeman Lane in Port Townsend, Jefferson County. The affidavit in support of the search warrants describes the strong smell of marijuana on several occasions by the detectives. On September 22, the court issued the search warrants. The utility records showed abnormal utility consumption. Thermal images showed heat activity consistent

---

[1] RCW 69.50.505(1)(h).
[2] RCW 69.50.505(6).

with an indoor marijuana growing operation. On October 1, a court issued a warrant to search the property.

On October 9, 2009, the Jefferson County Prosecutor filed separate criminal charges against Steven Fager and Timothy Fager for manufacturing and possession with intent to deliver marijuana. A Clallam County special prosecutor represented the State. Jeffrey Steinborn represented Steven Fager and James Dixon represented Timothy Fager. The court consolidated the criminal cases.

Simultaneously on October 9, Clallam County filed a motion and declaration of probable cause to issue a warrant in a civil forfeiture proceeding to seize the property at 115 Freeman Lane. The court authorized issuance of the warrant to seize the property. The declaration in support of seizure and intended forfeiture states that on October 8, OPNET detectives executed a search warrant at 115 Freeman Lane and found "a large, sophisticated, indoor marijuana growing operation." The title search of the property showed Steven Fager, the Discovery Bay Village Wellness Collective Inc. (DBVWC), and the Lucille M. Brown Living Trust (Trust) had property interests in the property. The declaration describes the property and ownership of the two parcels. The declaration states, in pertinent part:

> One of the parcels is believed to be owned by Steven L. Fager. The other is believed to be owned by the Discovery Bay Village Water Company, for which Steven L. Fager is both the president and the registered agent.

Clallam County filed a lis pendens against 115 Freeman Lane and served a notice of seizure and of civil forfeiture of the property on Steven Fager, DBVWC, and the Trust on October 9.

3

The October 9 summons and notice of the intended seizure and forfeiture states, in pertinent part:

> THE STATE OF WASHINGTON TO:
> STEVEN L. FAGER, DBVWC, Inc., a Washington corporation, and the LUCILLE M. BROWN LIVING TRUST
>
> A lawsuit has been started against defendant real property in the above-entitled court by the Plaintiffs, the Olympic Peninsula Narcotics Enforcement Team, Bill Benedict Clallam County Sheriff, Clallam County Sheriff's Department and Clallam County. Plaintiff's claim is stated in the written Complaint for Forfeiture In Rem, a copy of which is attached to this Summons and Notice of Intended Seizure and Forfeiture.
> NOTICE IS HEREBY GIVEN that the court has issued a Warrant of Arrest In Rem for the parcel of real property, together with all appurtenances and improvements thereon, known as
> 1) 115 Freeman Lane, Port Townsend, WA 98368, Junction City Lots 1 through 12 inclusive, Block 35
> 2) 115 Freeman Lane, Port Townsend, WA 98368, Lot 2 of the Nelson Short Plat
>
> . . . .
>
> And pursuant to that warrant and upon the filing of the Complaint for Forfeiture In Rem in this cause, the Plaintiff's intend to seize the above-described property and through this action intend to forfeit all right, title and interest in the above-described real property to Plaintiffs in accordance with the procedures set forth in RCW 69.50.505.
> In order to defend against this lawsuit, you must respond to the complaint by stating your claim in writing and by serving a copy upon the person signing this summons within ninety (90) days of the seizure or a default judgment may be entered and the property forfeited without notice. A default judgment is one where the plaintiff is entitled to what he asks for because you have not responded.
> If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time. Any person or interested party claiming ownership or a right to possession of the above-described real property shall be afforded a hearing thereon if they notify Plaintiffs in writing of such claim within ninety (90) days of the seizure of the above-described real property. One method of serving a copy of your claim on the Plaintiff is to send it by certified mail with return receipt requested to:
> Olympic Peninsula Narcotics Enforcement Team
> 223 E. 4th
> Port Angeles, WA 98362

If Plaintiffs are not notified by means of a written claim to ownership or right to possession of the above-described real property by any person or interested party within ninety (90) days of the seizure, the property will be deemed forfeited to the Plaintiffs.

On November 13, 2009, Steven Fager filed a notice of claim of an ownership interest in the property. On January 26, 2010, the parties filed an agreed order of continuance of the civil forfeiture proceeding pending resolution of the criminal case. The court stayed the civil forfeiture proceeding.[3]

On August 11, 2010, Steinborn withdrew as the attorney for Steven Fager and Michael Haas and Samuel Ramirez entered a notice of appearance.

In December 2011, Steven Fager and Timothy Fager filed a motion under CrR 3.6 to suppress evidence seized as a result of the search warrants and a motion to dismiss the charges under CrR 8.3(b). During the nine-day pretrial hearing, the court heard testimony from several witnesses on a number of issues. On January 9, 2013, the court entered lengthy findings of fact and conclusions of law. The findings address the credibility of a confidential informant, items seized from the residence, the validity of the search warrants based on the smell of marijuana, the State's production of discovery, and the motion to dismiss under CrR 8.3(b).

The court concluded there was "mismanagement" of discovery but "this mismanagement does not rise to the level of requiring dismissal of charges." The court concluded statements that detectives made in the affidavits in support of issuance of the search warrants about the smell of marijuana had to be redacted.

[B]ased on OPNET's reckless disregard for the truth, all statements relating to the smell of marijuana must be redacted from the affidavit in support of the thermal image warrant and the affidavit in support of the search warrant for 115 Freeman Lane.

---

[3] The unchallenged findings state the court stayed the civil forfeiture proceedings.

After redacting "the statements relating to the smell of marijuana," the court concluded there was no probable cause to issue the warrants, suppressed evidence obtained from the search, and dismissed the charges.

Clallam County appealed. State v. Fager, 185 Wn. App. 1050, 2015 WL 563081, at *1. Clallam County challenged admission of the testimony of defense expert Dr. James Woodford on the smell of marijuana and argued the trial court erred in determining there was no probable cause to support issuance of the warrants.

We concluded Clallam County waived the right to challenge the admissibility of Dr. Woodford's testimony and his testimony supported finding "material misrepresentations regarding [OPNET's] ability to detect the marijuana odor." Fager, 2015 WL 563081, at *5,*6. Because the findings supported lack of probable cause and the order to suppress, we affirmed dismissal of the charges. Fager, 2015 WL 563081, at *8.

On April 24, 2015, Haas and Ramirez withdrew and Dixon entered a notice of appearance on behalf of Steven Fager.

Voluntary Dismissal of Civil Forfeiture Action

On April 24, 2015, Steven Fager filed a motion for summary judgment dismissal of the civil forfeiture proceeding. Steven Fager argued collateral estoppel barred Clallam County from introducing evidence suppressed in the criminal case in the civil forfeiture proceeding. Steven Fager argued that absent evidence of a marijuana growing operation, Clallam County could not establish "a substantial nexus between the seized property and the production of marijuana." In support, Steven Fager submitted the CrR 3.6 and CrR 8.3(b) findings of fact and conclusions of law and order, the

decision in Fager, 2015 WL 563081, and his declaration. In his declaration, Steven Fager states:

> I am one of the owners of the property that is the subject of this forfeiture action. . . .
>      . . . The other owner of the 115 Freeman Lane property is the Discovery Bay Village Wellness Collective (DBVWC), a Washington Corporation. I am one of the owners of that corporation, as is my brother, Timothy Fager. I am the representative of DBVWC for purposes of this litigation.

After Steven Fager filed the motion for summary judgment, Clallam County released the lis pendens and filed a motion to voluntarily dismiss the civil forfeiture action under CR 41(a)(1)(B). Clallam County states that following the decision in Fager, 2015 WL 563081, it tried "to resolve and conclude pending forfeitures" and "no longer intend[s] to proceed with the forfeiture of the subject property."[4] The court granted the motion to dismiss the civil forfeiture.

Steven Fager and DBVWC, as "the owners" of the property in the civil forfeiture action, filed a motion for "reimbursement" of attorney fees totaling $290,883.06 and reimbursement for the fees for two expert witnesses in the criminal case. The motion states, "Steven Fager brings this motion for attorney fees in his individual capacity as well as in his role as DBVWC's representative." The motion also notes, "Tim Fager is a partial owner in the DBVWC." In his declaration, Steven Fager asserts he and Timothy Fager are majority shareholders of DBVWC. The attorneys who represented Steven Fager and Timothy Fager in the criminal case, Steinborn, Hass, and Dixon, submitted declarations in support of the request for attorney fees.

Clallam County asserted that a claimant in the civil forfeiture proceeding is not entitled to "recoup the attorney fees that he incurred defending a criminal prosecution."

---

[4] Clallam County attached a draft of a proposed settlement agreement.

Clallam County argued neither DBVWC nor Timothy Fager were claimants entitled to an award of attorney fees in the civil forfeiture proceeding.

The court entered extensive findings of fact and conclusions of law on the motion for attorney fees. The court concluded Steven Fager and Timothy Fager were entitled to an award of reasonable attorney fees as substantially prevailing claimants under RCW 69.50.505(6), "This Court finds . . . [t]he attorney fees related to the suppression motion are all compensable under RCW 69.50.505(6)." The court ordered Clallam County to pay Steven Fager and Timothy Fager $293,185.64 in attorney fees as the prevailing claimants and an additional $2,000.00 for attorney fees incurred in responding to objections to the proposed findings of fact and conclusions of law. Clallam County appeals.

ANALYSIS

Civil Forfeiture

The Uniform Controlled Substances Act (UCSA), chapter 69.50 RCW, allows the seizure and forfeiture of property the owner knows is being "used or intended to be used in the manufacture of controlled substances." RCW 69.50.050(1)(a), (h). An in rem forfeiture under RCW 69.50.505 is a civil proceeding. State v. Catlett, 133 Wn.2d 355, 366-67, 945 P.2d 700 (1997) (citing FINAL LEGISLATIVE REPORT, 51st Leg., at 119 (Wash. 1989) ("Seizure and forfeiture are civil processes and are independent of the outcome of any criminal charges that might be brought against the owner of the property.")).

A law enforcement agency is authorized to seize real property after issuance of a judicial writ based on probable cause. RCW 69.50.505(2); Tellevik v. Real Prop. Known as 31641 W. Rutherford St., Located in the City of Carnation, Wash., & All

8

Appurtenances & Improvements Thereon, 120 Wn.2d 68, 78, 838 P.2d 111 (1992). The seizing agency must also file and record a lis pendens on the property. RCW 69.50.505(2).

The statute requires notice of seizure and intent to forfeit the property to be served in writing on any individual having a known right or interest in the property. RCW 69.50.505(3). RCW 69.50.505(3) states:

> In the event of seizure pursuant to subsection (2) of this section, proceedings for forfeiture shall be deemed commenced by the seizure. The law enforcement agency under whose authority the seizure was made shall cause notice to be served within fifteen days following the seizure on the owner of the property seized and the person in charge thereof and any person having any known right or interest therein, including any community property interest, of the seizure and intended forfeiture of the seized property. Service of notice of seizure of real property shall be made according to the rules of civil procedure. However, the state may not obtain a default judgment with respect to real property against a party who is served by substituted service absent an affidavit stating that a good faith effort has been made to ascertain if the defaulted party is incarcerated within the state, and that there is no present basis to believe that the party is incarcerated within the state. Notice of seizure in the case of property subject to a security interest that has been perfected by filing a financing statement in accordance with chapter 62A.9A RCW, or a certificate of title, shall be made by service upon the secured party or the secured party's assignee at the address shown on the financing statement or the certificate of title. The notice of seizure in other cases may be served by any method authorized by law or court rule including but not limited to service by certified mail with return receipt requested. Service by mail shall be deemed complete upon mailing within the fifteen day period following the seizure.

A person claiming ownership and contesting forfeiture in the seized real property must notify the agency in writing of the claim within 90 days. RCW 69.50.505(5). RCW 69.50.505(5) states that if a person notifies a seizing law enforcement agency in writing of the person's claim of ownership or right to possession of seized property, then the person "shall be afforded a reasonable opportunity to be heard as to the claim or right."

If a person does not notify the law enforcement agency in writing within 90 days, the property "shall be deemed forfeited." RCW 69.50.505(4). RCW 69.50.505(4) states:

> If no person notifies the seizing law enforcement agency in writing of the person's claim of ownership or right to possession . . . within . . . ninety days in the case of real property, the item seized shall be deemed forfeited.

Timothy Fager

Clallam County contends the court erred in awarding Timothy Fager attorney fees as a claimant in the civil forfeiture proceeding. Clallam County asserts substantial evidence does not support finding Timothy Fager is a claimant entitled to an award of attorney fees in the civil forfeiture action. Steven Fager and Timothy Fager argue Clallam County waived the right to raise this issue for the first time on appeal. The record does not support their argument. The record shows Clallam County asserted Timothy Fager was not entitled to an award of attorney fees as a claimant in the civil forfeiture proceeding. For instance, Clallam County filed a written objection to the proposed order on the grounds that "substantial evidence does not support a finding that Timothy Fager has a 'legal' interest in the property."

We review whether substantial evidence supports the findings of fact and whether those findings, in turn, support the conclusions of law. Sunnyside Valley Irrig. Dist. v. Dickie, 149 Wn.2d 873, 879, 73 P.3d 369 (2003); Ridgeview Props. v. Starbuck, 96 Wn.2d 716, 719, 638 P.2d 1231 (1982). Substantial evidence is the quantum of evidence "sufficient to persuade a rational fair-minded person the premise is true." Sunnyside, 149 Wn.2d at 879.

The court did not enter a written finding that expressly addresses whether Timothy Fager was a claimant in the civil forfeiture proceeding. However, finding of fact 3 states Steven Fager and DBVWC filed a notice of claim and Timothy Fager is a shareholder in DBVWC.

> Steve Fager and the Discovery Bay Village Wellness Collective (DBVWC) own this property and filed an objection to the forfeiture. Both Tim and Steve Fager are shareholders in DBVWC. The total value of the property seized was in excess of $500,000.

Substantial evidence does not support the finding that DBVWC filed a notice of claim or that either DBVWC or Timothy Fager is a claimant in the civil forfeiture proceeding. The title search of the property showed Steven Fager and the Trust had a property interest in parcel A and DBVWC had a property interest in parcel B. The undisputed record establishes Clallam County properly served Steven Fager, DBVWC, and the Trust with notice of the intent to seize 115 Freeman Lane. The notice states:

> In order to defend against this lawsuit, you must respond to the complaint by stating your claim in writing and by serving a copy upon the person signing this summons within ninety (90) days of the seizure.

Steven Fager argues Timothy Fager is a claimant because he is a "major shareholder" of DBVWC and DBVWC has a recorded interest in parcel B of 115 Freeman Lane. Steven Fager asserts he filed the notice of claim as the "appointed representative for DBVWC." But contrary to the assertion of Steven Fager that he was also acting as a representative of DBVWC, the notice of claim in the civil forfeiture proceeding is solely on behalf of Steven Fager. The notice of claim does not state Steven Fager was acting as a representative of DBVWC. The notice of claim states: "CLAIMANT STEVEN FAGER, through counsel, claims and [sic] ownership and/or

possessory interest" in 115 Freeman Lane. We also note neither DBVWC nor Timothy Fager ever filed a notice of claim.

Because the record establishes Steven Fager filed a notice of claim only in his individual capacity as an owner of the property and neither DBVWC nor Timothy Fager filed a notice of claim, the court erred in awarding attorney fees to Timothy Fager under RCW 69.50.505(6).

Award of Attorney Fees under RCW 69.50.505(6)

Clallam County contends the court erred in awarding Steven Fager attorney fees incurred in the criminal case under RCW 69.50.505(6) in the civil forfeiture proceeding. RCW 69.50.505(6) states:

> In any proceeding to forfeit property under this title, where the claimant substantially prevails, the claimant is entitled to reasonable attorneys' fees reasonably incurred by the claimant.

We review questions of statutory interpretation de novo. Jametsky v. Olsen, 179 Wn.2d 756, 761, 317 P.3d 1003 (2014). Our objective is to ascertain and carry out the legislature's intent. Jametsky, 179 Wn.2d at 762.

In Brand v. Department of Labor & Industries, 139 Wn.2d 659, 667, 989 P.2d 1111 (1999), the court held, "[I]t is important to evaluate the purpose of the specific attorney fees provision and to apply the statute in accordance with that purpose." In Guillen v. Contreras, 169 Wn.2d 769, 777, 238 P.3d 1168 (2010), the court states, "This court pays particular attention to the legislative purpose behind attorney fee provisions." (Citing Brand, 139 Wn.2d at 667.)

In Guillen, the court held that the "purpose of the addition of the attorney fee provision was to provide greater protection to people whose property is seized" and "the

12

legislature intended this attorney fee provision to be read liberally." Guillen, 169 Wn.2d at 777-78. The court concluded:

> If the purpose of the statute is to protect citizen's rights against wrongful seizure of their property, then granting attorney fees whenever claimants substantially prevail on some issue, or receive more than nominal relief, may be necessary to accomplish that statutory purpose.

Guillen, 169 Wn.2d at 778.

There is no dispute on appeal that Steven Fager is entitled to an award of reasonable attorney fees as a substantially prevailing claimant in the civil forfeiture proceeding. See Andersen v. Gold Seal Vineyards, Inc., 81 Wn.2d 863, 865, 505 P.2d 790 (1973) (as a general rule, where a plaintiff voluntarily dismisses, the defendant is the prevailing party).

Steven Fager argues that because the court suppressed the evidence seized for lack of probable cause and dismissed the charges in the criminal proceedings, Clallam County could not establish the property was subject to forfeiture in the civil forfeiture proceeding. We agree.

In a civil forfeiture action, the seizing agency has the initial burden to show probable cause and "establish, by a preponderance of the evidence, that the property is subject to forfeiture." RCW 69.50.505(5). Probable cause requires the existence of reasonable grounds for suspicion supported by circumstances sufficiently strong to warrant a person of ordinary caution in the belief that the property was used or intended to be used in violation of the UCSA. City of Walla Walla v. $401,333.44, 164 Wn. App. 236, 245, 262 P.3d 1239 (2011).

It is well established that collateral estoppel prohibits the use of unlawfully obtained evidence in a civil forfeiture proceeding. Deeter v. Smith, 106 Wn.2d 376,

378-79, 721 P.2d 519 (1986) (unlawfully obtained evidence in a criminal case is inadmissible in a civil forfeiture proceeding); Barlindal v. City of Bonney Lake, 84 Wn. App. 135, 142, 925 P.2d 1289 (1996) (doctrine of collateral estoppel applies when issue decided in criminal case is identical to issue presented in civil forfeiture proceeding); City of Des Moines v. Pers. Prop. Identified as $81,231 in U.S. Currency, 87 Wn. App. 689, 701, 943 P.2d 669 (1997) (conclusive determination of search and seizure in criminal case barred challenging the seizure in the civil forfeiture proceeding).

Steven Fager moved for summary judgment dismissal in the civil forfeiture on the grounds that absent the evidence suppressed in the criminal case, Clallam County could not establish probable cause. Clallam County dismissed the civil forfeiture proceeding under CR 41(a)(1)(B). As the substantially prevailing claimant, Steven Fager is entitled to an award of attorney fees reasonably incurred in the civil forfeiture proceeding.

Clallam County also challenges the reasonableness of the attorney fee award. An appellate court will uphold an attorney fee award unless it finds the trial court manifestly abused its discretion. Chuong Van Pham v. Seattle City Light, 159 Wn.2d 527, 538, 151 P.3d 976 (2007). A trial court abuses its discretion when it exercises discretion on untenable grounds or for untenable reasons. Pham, 159 Wn.2d at 538. A decision based "on an erroneous view of the law" constitutes an abuse of discretion. Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp., 122 Wn.2d 299, 339, 858 P.2d 1054 (1993).

The findings of fact and conclusions of law show the court erred in awarding attorney fees based on factors unrelated to the civil forfeiture proceeding. For example,

finding of fact 14 states:

> The Court finds a number of reasons why the total amount of attorney fees is higher than average. One is the <u>duration of the case</u>, close to six years. Another is the <u>fact intensive nature</u> of the suppression motions. This Court notes that yet another reason for the greater expense is <u>the way in which the State approached the criminal case</u>. The Fagers were required to bring motions to obtain discovery, to interview officers, to obtain the return of property, and to obtain an adequate record on appeal after the State failed to order necessary transcripts. There had to be a fight over virtually everything in the case. This pattern continued after the appeal, when plaintiffs did not release the seized property until claimants filed a motion for summary judgment. This course of conduct is well documented in the court file, the declarations, and in the findings of Judge Verser. [5]

On remand, the court shall determine the number of hours reasonably expended by Steven Fager to prevail in the civil forfeiture proceeding multiplied by a reasonable hourly rate. <u>Berryman v. Metcalf</u>, 177 Wn. App. 644, 660, 312 P. 3d 745 (2013).

We reverse the order awarding attorney fees to Timothy Fager under RCW 69.50.505(6). We remand to determine the amount of reasonable attorney fees Steven Fager is entitled to under RCW 69.50.505(6). Consistent with the purpose of RCW 69.50.505(6), upon compliance with RAP 18.1, Steven Fager is entitled to an award of reasonable attorney fees on appeal.

WE CONCUR:

Trickey, ACJ

Cox, J.

---

[5] Emphasis added.