

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of Search Warrant for | ) | No. 73446-6-I |
| | ) | |
| 13811 HIGHWAY 99, LYNNWOOD, | ) | DIVISION ONE |
| WASHINGTON; CITY OF LAKEWOOD. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | PUBLISHED |
| | ) | |
| | ) | FILED: June 6, 2016 |
| | ) | |

Cox, J. — The superior courts of this state are vested with original subject matter jurisdiction "in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court."[1] A search warrant may only issue on probable cause.[2] Specifically, the affidavit supporting a request for a warrant must set forth "sufficient facts to convince a reasonable person of the probability the defendant is engaged in criminal activity and that evidence of criminal activity can be found at the place to be searched."[3]

Here, Respondents Kum Im Lee and Yong R. Ludeman moved for return of property in the Superior Court for Snohomish County. They claimed police

---

[1] CONST. art. IV, § 6.

[2] State v. Lyons, 174 Wn.2d 354, 359, 275 P.3d 314 (2012).

[3] Id.

authorities unlawfully seized their property in that county. Their property was seized pursuant to a warrant issued by the Lakewood Municipal Court, purportedly based on a criminal prosecution in Pierce County.

We hold that the Snohomish County Superior Court had jurisdiction to decide whether the property was lawfully seized and whether it should be returned to the owners. That court properly determined that the seizure of the property was without authority of law. The court also properly ordered the return of the property to Lee and Ludeman. We affirm.

The City of Lakewood Police Department and other law enforcement authorities conducted a joint investigation of suspected prostitution activity in Pierce County. This investigation centered on the "Wellness Clinic," a City of Fife massage parlor. Police suspected that workers there were providing sexual services to clients.

Based on this investigation and surveillance of this clinic, the Lakewood Police Department obtained a search warrant from the Lakewood Municipal Court for the Wellness Clinic. Authorities first executed the warrant at the clinic. They seized documents, arrested Su H. Jones, the owner of the clinic, and interviewed two employees who worked there. The employees admitted providing sexual services to clients. And one employee stated that Jones was "well aware of the prostitution activities" at the clinic.

Thereafter, authorities searched Jones's home in Federal Way. They seized additional documents there.

2

Based on the evidence uncovered in this investigation and the seizures at the clinic and the residence, the Pierce County Prosecutor charged Jones in Pierce County Superior Court with promoting prostitution in the second degree.

During the search of the Wellness Clinic, authorities seized a document that referred to a business called King's Massage. Performing an Internet search, authorities identified a King's Massage located in Lynnwood, Snohomish County.

Authorities then began "a follow up investigation" of King's Massage. Undercover officers from the Lakewood Police Department visited the business to determine whether the employees there offered sexual services for payment. On some of the undercover police visits, employees offered to do so.

Thereafter, a Lakewood detective applied to the Lakewood Municipal Court for a warrant to search King's Massage in Lynnwood, Snohomish County. The warrant sought evidence of second degree promoting prostitution. According to the unchallenged finding of the superior court judge who heard the motion for return of property, this warrant was sought to obtain additional evidence for the prosecution of Jones, the defendant in the Pierce County felony prosecution.[4] The municipal court issued the warrant.

Lakewood police officers, assisted by federal authorities, executed the warrant at King's Massage in Lynnwood. During the search, officers seized two Lexus SUV vehicles, U.S. currency, financial documents, and other personal property from Kum Lee and Yong Ludeman. The Lakewood Police Department

---

[4] Clerk's Papers at 7.

later served Lee and Ludeman with notices of seizure and intended forfeiture of the seized property.

Pursuant to CrR 2.3, Lee and Ludeman moved in Snohomish County Superior Court for the return of their property. The City of Lakewood appeared, opposing the motion. The superior court granted the relief sought.

The City appeals.

## JURISDICTION AND VENUE

The threshold question before us is whether the Snohomish County Superior Court had subject matter jurisdiction to hear this case. We hold that it did.

### Subject Matter Jurisdiction

"Our state constitution uses the term 'jurisdiction' to describe the fundamental power of courts to act."[5] It grants superior courts such jurisdiction in several categories of cases.[6] One such category is "in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court."[7]

Our constitution defines and confines the power of the legislature to either create or limit jurisdiction.[8] "Any legislation, therefore, the purpose or effect of which is to divest, in whole or in part, a constitutional court of its constitutional

---

[5] ZDI Gaming, Inc. v. State ex rel. Wash. State Gambling Comm'n, 173 Wn.2d 608, 616, 268 P.3d 929 (2012).

[6] Id.

[7] CONST. art. IV, § 6.

[8] ZDI Gaming, Inc., 173 Wn.2d at 616 (citing CONST. art. IV, § 4, § 6, § 30(2).

4

powers, is void as being an encroachment by the legislative department upon the judicial department."[9]

As the supreme court made clear in <u>Marley v. Department of Labor & Industries</u>, there is a distinction between subject matter jurisdiction and a court's authority to act in a particular matter:

> "A judgment may properly be rendered against a party only if the court has authority to adjudicate the type of controversy involved in the action." We underscore the phrase "type of controversy" to emphasize its importance. A court or agency does not lack subject matter jurisdiction solely because it may lack authority to enter a given order.
>
> "The term 'subject matter jurisdiction' is often confused with a court's "authority" to rule in a particular manner. This has led to improvident and inconsistent use of the term."
>
> . . . .
>
> A tribunal lacks subject matter jurisdiction when it attempts to decide a type of controversy over which it has no authority to adjudicate.
>
> "[T]he focus must be on the words 'type of controversy.' If the type of controversy is within the subject matter jurisdiction, then all other defects or errors go to something other than subject matter jurisdiction."[10]

---

[9] <u>Id.</u> at 617 (quoting <u>Blanchard v. Golden Age Brewing Co.</u>, 188 Wash. 396, 415, 63 P.2d 397 (1936)).

[10] <u>Marley v. Dep't of Labor & Indus.</u>, 125 Wn.2d 533, 539, 886 P.2d 189 (1994) (citations omitted) (alterations in original) (first quoting Restatement (Second) of Judgments § 11 (1982); then quoting Robert J. Martineau, <u>Subject Matter Jurisdiction as a New Issue on Appeal: Reining in an Unruly Horse</u>, 1988 B.Y.U. L. Rev. 1, 28).

We review de novo whether a particular court has jurisdiction.[11] Whether a court has jurisdiction "is a matter of law and does not depend on procedural rules."[12]

We may affirm a lower court decision on any basis supported by the record and the law.[13]

In order to determine whether the Snohomish County Superior Court had subject matter jurisdiction to decide the motion to return property, we turn to the state constitution's plain words.

Article IV, section 6 of the state constitution vests subject matter jurisdiction in the superior courts of "*all cases* and of *all proceedings* in which jurisdiction shall not have been by law vested *exclusively* in some other court."[14] This broad grant of general subject matter jurisdiction controls here. That is because the City cannot show that subject matter jurisdiction of this controversy has been "exclusively" vested in the Lakewood Municipal court or any other court. Thus, this case is the "type of controversy" that the superior court may decide. Accordingly, Snohomish County Superior Court had subject matter jurisdiction to decide the motion for return of property.

---

[11] Shoop v. Kittitas County, 149 Wn.2d 29, 33, 65 P.3d 1194 (2003).

[12] ZDI Gaming, Inc., 173 Wn.2d at 617.

[13] State v. Kelley, 64 Wn. App. 755, 764, 828 P.2d 1106 (1992).

[14] (Emphasis added.)

The City appears to argue that RCW 2.20.030, on which it primarily relies, somehow divests the superior court of subject matter jurisdiction. We reject this untenable argument.

RCW 2.20.030 states:

> Any district or municipal court judge, in the county in which the offense is alleged to have occurred, may issue a search warrant for any person or evidence located anywhere within the state.

Nothing in this statute purports to establish "exclusive" jurisdiction over warrants in any of the municipal courts of this state. Even if this statute purported to do so, it would be ineffective. That is because the legislature may not divest superior courts of subject matter jurisdiction conferred by the state constitution. Thus, the constitution's broad grant of general jurisdiction to superior courts is unaffected by RCW 2.20.030.

The City also relies on CrRLJ 2.3(e) to argue that subject matter jurisdiction to decide this matter was vested in the Lakewood Municipal Court. But the existence of jurisdiction is not a procedural matter, thus jurisdiction does not depend on this criminal procedural rule. Accordingly, CrRLJ 2.3(e) has no bearing on whether, in this case, the trial court lacked subject matter jurisdiction to decide this motion.

*Authority to Decide This Motion*

The City next argues that the motion for return of property should have been made in the Lakewood Municipal Court. The City contends that court was the only proper court to decide the issue because that court issued the warrant. The City supports this argument by relying on the priority of action rule, which

was applied in Seattle Seahawks, Inc. v. King County.[15] Because that reliance is misplaced, we reject this argument.

Under the priority of action rule, "'the court which first gains jurisdiction of a cause retains the exclusive authority to deal with the action until the controversy is resolved.'"[16] This rule applies where two actions share "identity" of certain elements.[17] "Generally, courts look to whether the actions share identity of (1) subject matter, (2) parties, and (3) relief."[18]

We also look beyond these elements to the rule's underlying policy.[19] The underlying purpose of these three elements is to determine whether "'a decision in one tribunal would bar proceedings in the other tribunal because of res judicata.'"[20]

Here, the priority of action rule did not bar the Snohomish County Superior Court from deciding this motion for return of property.

None of the three elements of identity are present. First, there is no identity of subject matter. When the City of Lakewood sought a warrant, the only

---

[15] 128 Wn.2d 915, 916-17, 913 P.2d 375 (1996).

[16] Bunch v. Nationwide Mut. Ins. Co., 180 Wn. App. 37, 41, 321 P.3d 266 (2014) (internal quotation marks omitted) (quoting City of Yakima v. Int'l Ass'n of Fire Fighters, AFL-CIO, Local 469, Yakima Fire Fighters Ass'n, 117 Wn.2d 655, 675, 818 P.2d 1076 (1991)).

[17] Id.

[18] Id.

[19] Id. at 41-42.

[20] Id. at 42 (quoting State ex rel. Evergreen Freedom Foundation v. Wash. Education Ass'n, 111 Wn. App. 586, 607, 49 P.3d 894 (2002)).

issue before the municipal court was whether probable cause supported issuing the warrant. While this issue was also before the superior court, there were several additional questions before it. For example, the superior court had claims whether the affidavit contained a false statement or material omission, and whether the officers had exceeded the warrant's scope.

Second, there is no identity of parties. When the Lakewood Police Department sought the warrant, there was no opposing party. And Ludeman and Lee are not parties in the Pierce County prosecution of Jones.

Finally, there is no identity of relief. The Lakewood Municipal Court determined whether to issue a warrant. The relief that the Snohomish County Superior Court could order was the return of the property seized when executing the warrant.

Additionally, res judicata would not apply here. Although the Lakewood Municipal Court determined whether probable cause supported the warrant, res judicata does not prevent another court from considering this question when faced with a motion to suppress or a motion to return property. Accordingly, applying the priority of action rule here would not further its purpose.

In sum, the priority of action rule did not bar the Snohomish County Superior Court from deciding the motion to return property.

For these reasons, we conclude that the Snohomish County Superior Court had authority to decide this motion. It was not divested of such authority by either the statutory or case authority on which the City relies.

*Venue*

Here, although the City does not expressly use the term "venue" in its briefing, it took the position at oral argument that venue in the Snohomish County Superior Court was also wrong. The City is mistaken.

Parties sometimes imprecisely use the term "jurisdiction" to mean something other than a court's fundamental power to act.[21] "Where jurisdiction describes the forum or location of the hearing, it is generally understood to mean venue."[22] These are two distinct concepts—a court may have jurisdiction though it is not the proper venue.[23]

Venue is "'the place where the suit may or should be heard.'"[24] Unlike jurisdiction, venue is a procedural issue.[25]

In this case, the property in question was seized in Snohomish County, albeit on the basis of a warrant issued by the Lakewood Municipal Court. Why the respondents should have been required to travel to Pierce County to seek the return of their property, which was seized in Snohomish County, is left unexplained on any basis other than those we already rejected in this opinion.

CrR 2.3(e) of the Superior Court Criminal Rules, entitled "Motion for Return of Property," provides:

---

[21] ZDI Gaming, Inc., 173 Wn.2d at 617.

[22] Id.

[23] Dougherty v. Dep't of Labor & Indus., 150 Wn.2d 310, 315, 76 P.3d 1183 (2003).

[24] Id. at 316 (quoting 77 AM. JUR. 2D Venue § 1, at 608 (1997)).

[25] Id.

A person aggrieved by an unlawful search and seizure may move the court for the return of the property on the ground that the property was illegally seized and that the person is lawfully entitled to possession thereof. If the motion is granted the property shall be returned. If a motion for return of property is made or comes on for hearing after an indictment or information is filed in the court in which the motion is pending, it shall be treated as a motion to suppress.

This rule provided a criminal procedural mechanism for the Snohomish County Superior Court to hear the case. Under these circumstances, this court was the proper venue.

The City argues that Lakewood Municipal Court was the only proper venue. It relies on CrRLJ 2.3(e) for this argument. That rule provides that a motion for return of property "shall be filed in the court which issued the warrant."[26]

This argument is unpersuasive. The Criminal Rules for the Courts of Limited Jurisdiction "govern the procedure in the courts of limited jurisdiction of the State of Washington."[27] Thus, they cannot apply to procedures in the superior courts, which are governed by separate criminal rules.

The Superior Court Criminal Rules do not require that a motion to return property be made in the court that issued the warrant.[28] Thus, the fact that the Lakewood Municipal Court issued the warrant in this proceeding is irrelevant.

---

[26] CrRLJ 2.3(e).

[27] CrRLJ 1.1.

[28] CrR 2.3(e).

The City argues that under State v. Thomas,[29] CrRLJ 2.3, rather than CrR 2.3, controls. The City is mistaken.

First, this argument ignores CrR 2.3's plain words, which we just addressed.

Second, whether CrRLJ 2.3 or CrR 2.3 applied was not directly before the supreme court in Thomas. That case involved a purported conflict between CrR 2.3 and RCW 69.50.509.[30] But in that case, "the relevant provisions of [CrRLJ 2.3 and CrR 2.3] [we]re identical," thus "the distinction ma[de] no difference."[31] Consequently, any discussion on which rule applied was dicta.

## MOTION FOR RETURN OF PROPERTY

The City takes issue with the superior court's merits determination that there was no probable cause for the Lakewood Municipal Court to issue the warrant. We hold that issuance of the warrant was improper due to the lack of probable cause.

### Probable Cause

A search warrant shall issue only on probable cause.[32] An affidavit that particularly identifies the place to be searched and items to be seized must support the warrant.[33] To establish probable cause, this affidavit must set forth

---

[29] 121 Wn.2d 504, 851 P.2d 673 (1993).

[30] Id. at 507-08.

[31] Id. at 508 n.2.

[32] U.S. CONST. amend. IV; CONST. art. I, § 7.

[33] State v. Maddox, 152 Wn.2d 499, 509, 98 P.3d 1199 (2004).

sufficient facts to convince a reasonable person of the probability the defendant is engaged in criminal activity and that evidence of criminal activity can be found at the place to be searched.[34] These facts must support the conclusion that the evidence is probably at the premises to be searched at the time the warrant is issued.[35] "We evaluate affidavits 'in a commonsense manner, rather than hypertechnically, and any doubts are resolved in favor of the warrant.'"[36] But "'the [reviewing] court must still insist that the magistrate perform his neutral and detached function and not serve merely as a rubber stamp for the police.'"[37]

The issue here is whether the affidavit supporting the request for issuance of the warrant for King's Massage in Snohomish County established probable cause that evidence for the Pierce County prosecution of Jones for promoting prostitution could be found at King's Massage. We conclude that it did not.

State v. Thein provides an analytical framework for deciding this issue.[38] There, Stephen Thein was convicted of possession of marijuana with intent to deliver and defrauding a utility after a search of his residence uncovered a marijuana grow operation.[39] Police believed he was a drug dealer based on an

---

[34] Id. at 505.

[35] Lyons, 174 Wn.2d at 360.

[36] Id. (quoting State v. Jackson, 150 Wn.2d 251, 265, 76 P.3d 217 (2003)).

[37] Id. (alteration in original) (internal quotation marks omitted) (quoting Aguilar v. Texas, 378 U.S. 108, 111, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964)).

[38] 138 Wn.2d 133, 977 P.2d 582 (1999).

[39] Id. at 136.

earlier search performed at a different location.[40] The affidavits supporting the request for the warrant for his residence contained statements about the common habits of drug dealers.[41] The issue before the supreme court was whether these statements supported probable cause to search his residence. The court held that the statements failed to establish a nexus between illegal drug activity in one location and Thein's residence at another location.[42]

Here, the affidavit (No. 15-30) the detective submitted to the Lakewood Municipal Court to request the warrant for King's Massage is some 14 pages long in this record. There is no mention of King's Massage until page nine of the affidavit. That page refers to "Financial information connecting [Su] Jones to King's Massage" that was among items seized when police searched the Wellness Clinic and Jones's residence. There is no date or further description of what this "financial information" was.

The affidavit goes on to describe Internet searches by police to determine that a King's Massage is located in Lynnwood, Snohomish County.

The affidavit then describes that undercover officers began surveillance of King's Massage "to see if [Su] Jones or any of the girls from the Fife location were there." Significantly, there is nothing in the affidavit that shows that either Jones or other women from the Wellness Clinic at the Fife location were at King's Massage.

---

[40] Id.

[41] Id. at 138-39.

[42] Id. at 150.

The affidavit then states that women at both the Fife location and King's Massage were from Korea, "which is not normal."

The other information of significance in the affidavit is that the detective who signed it attested to searching the online Washington State Department of Revenue State Business Record Database. According to him, the database showed that Jones had been the sole proprietor of King's Massage "since 5-1-12 to the present [March 25, 2015]."

How this affidavit, read in a commonsense manner, establishes a nexus between Jones promoting prostitution in Pierce County and the activities that undercover officers observed at King's Massage in Snohomish County is not satisfactorily explained. The surveillance by undercover officers never established that either Jones or any of the women at the Fife location were at King's Massage. The statement that women at both locations were from Korea and that this is "not normal" adds nothing of analytical significance. And the financial documents purporting to link the two locations are not sufficiently described to show they were not stale information. In short, there was no probable cause to support issuance of the warrant by the Lakewood Municipal Court.

The City's arguments on probable cause are not helpful. In its opening brief, it states:

> Under the facts developed in the investigation, and as [the detective] related in his affidavit in support of the warrant, he had a basis to believe that human trafficking offenses (specifically, promoting prostitution) occurred in Pierce County. He further believed, and the Lakewood Municipal Court judge determined that

there was probable cause to believe that evidence of those offenses was located in Snohomish County.[43]

Similarly, in its reply brief, the City states:

> Here, the warrant was valid under RCW 2.20.030. It was issued by a Pierce County-based court to investigate crimes occurring in Pierce County, and in fact, prosecuted in Pierce County Superior Court.[44]

These conclusory statements are simply insufficient to show the required nexus for probable cause. There simply is no showing of how the search of King's Massage would produce evidence of any crime prosecuted in Pierce County against Jones. In sum, there was no probable cause to issue the warrant to search King's Massage.

### Return of Property

The City also takes issue with the court's return of the illegally seized property to Lee and Ludeman. This challenge is without merit.

Under CrR 2.3(e), "A person aggrieved by an unlawful search and seizure may move the court for the return of the property on the ground that the property was illegally seized and that the person is lawfully entitled to possession thereof."

"The seizure of property from someone is prima facie evidence of that person's entitlement."[45] And it is the State's burden to prove a greater right of possession.[46] "Only if the [government] agency can make a substantial showing

---

[43] Brief of Appellant, City of Lakewood at 12 (citation omitted).

[44] Reply Brief of Appellant at 17.

[45] City of Walla Walla v. $401,333.44, 164 Wn. App. 236, 247, 262 P.3d 1239 (2011).

[46] Id.

that the property does not belong to the defendant is the defendant required to show the court sufficient facts of his right to possession."[47]

The Lakewood Police Department served Lee and Ludeman with notices of seizure and intended forfeiture for the property taken in this case. These notices state that the police department seized Lee and Ludeman's personal property. Thus, this seizure from Lee and Ludeman was prima facie evidence of their right to possession.

Additionally, Lee and Ludeman supported their motion with various documents, including a bill of sale indicating that Lee owned King's Massage; Lee's car insurance for the seized vehicle; and Ludeman's car registration.

The City's briefing fails to cite to any evidence in the record showing that it had a superior right to possession. Instead, it argues that it is entitled to the property because "[p]ossession pursuant to a search warrant gives rise to a prima facie claim of possession."[48] But the case it cites does not support this proposition. Rather, that case states that "seizure of property from someone is prima facie evidence of *that person's entitlement*."[49] Additionally, even if we accepted this proposition, we decline to hold that possession pursuant to an *invalid* warrant is prima facie evidence of right to possession.

---

[47] Id.

[48] Brief of Appellant, City of Lakewood at 15 (citing City of Walla Walla, 164 Wn. App. at 247).

[49] City of Walla Walla, 164 Wn. App. at 247 (emphasis added).

Thus, the superior court properly ordered the property returned to Lee and Ludeman.

## RCW 2.20.030

The City argues that RCW 2.20.030 authorized the Lakewood Municipal Court, which is located in Pierce County, to issue the warrant to seize property in Snohomish County. Lee and Ludeman disagree, arguing that State v. Davidson[50] dictates otherwise. Because we have concluded that the affidavit supporting the request for the warrant did not establish probable cause, we need not resolve this dispute.

Similarly, we decline to address the parties' other arguments that are not necessary to our resolution of the case.

We affirm the orders on appeal.

_Cox, J._

WE CONCUR:

_Trickey, A C J_              _Appelwick, J_

---

[50] 26 Wn. App. 623, 613 P.2d 564 (1980).

18