IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35966-2-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| STEVENS COUNTY DISTRICT COURT | ) | |
| JUDGE, | ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, J. — Washington's superior and district courts share a limited amount of concurrent criminal jurisdiction. When one court exercises its jurisdiction in a specific case, the priority of action doctrine prohibits another court from interfering. But what constitutes the same case for purposes of the priority of action doctrine is not always clear. Our case law establishes that a search warrant proceeding is not part of the same case for purposes of the doctrine because one proceeding does not have a preclusive effect on the other. We now hold that the same is true for a preliminary appearance hearing. A court's authority to hold a preliminary appearance hearing is separate from the authority to adjudicate a criminal trial, and the preliminary appearance hearing has no preclusive effect on the criminal trial process.

Because a preliminary appearance hearing is distinct from the criminal trial process, a district court's exercise of authority over a substantive criminal charge does not preclude the superior court from holding a preliminary appearance hearing. This matter is therefore reversed, with instructions that the State be granted a writ of mandamus directing the district court to recognize the validity of preliminary appearance orders issued by the superior court.

## FACTS

This case arises from a dispute between judges of the superior and district courts of Stevens County regarding how to handle preliminary appearances for individuals arrested and detained in the county jail. The conflict began on January 29, 2018, when the administrator for the Stevens County Superior Court sent an e-mail to the superior and district court judges, prosecutors, and others notifying them that all in-custody first appearances for both courts were to be heard by the superior court at noon on Mondays through Fridays.

The superior court administrator's e-mail was not well-received by the district court. On February 2, 2018, Stevens County District Court Judge Gina Tveit e-mailed the district court staff directing that no orders be filed in a district court case unless signed by a district court judge or district court judge pro tem. This e-mail was copied to the

2

superior court judges, the county clerk, the county's chief corrections officer, and the superior court administrator (who then forwarded it to the prosecutor's office).

On February 5, 2018, the Stevens County Superior Court judges jointly signed an administrative order requiring all preliminary appearances be heard by the superior court judges or a court commissioner. The order identified the reasons for instituting the policy, including: scheduling conflicts between the courts, the clerks, the jail, and attorneys; the hardship to the jail to accommodate different first appearances held in both courts; the frequent interruptions and excessive delays caused by the current procedure; and the superior court's ability to remedy the situation by conducting all first appearances during the noon hour via video to the jail.

The Stevens County prosecuting attorney subsequently filed a petition for writ of mandamus, seeking to require Judge Tveit to rescind her February 2, 2018, directive and to recognize the validity of superior court preliminary appearance orders. According to the affidavit in support of the petition, a Stevens County Superior Court judge presided over an in-custody first appearance for an individual named Edwin Maestas concerning two gross misdemeanors. The superior court judge entered a CrR 3.2 hearing order and set the matter over to the district court for 1:30 p.m. that day. The district court staff did not file the order or set the matter on the district court's docket. The State's affidavit also

referenced two other criminal cases where Judge Tveit disregarded the administrative

order and presided over the preliminary appearances.

The State's petition for mandamus was heard by a visiting superior court judge,

appointed pursuant to RCW 4.12.040. Citing the priority of action rule, the visiting judge

denied the State's petition. In his memorandum opinion dated March 7, 2018, the judge

reasoned that a preliminary appearance is part of a criminal case and once the district

court assumes jurisdiction of a case through a filed criminal charge, the superior court is

prohibited from exercising jurisdiction.

The State timely appeals.

ANALYSIS

A statutory writ of mandamus may be issued "to compel the performance of an

act which the law especially enjoins as a duty resulting from an office, trust or station."

RCW 7.16.160. Our case law recognizes the availability of a statutory writ when a judge

of a court of limited jurisdiction takes action that is legally erroneous and not correctable

on appeal. *City of Kirkland v. Ellis*, 82 Wn. App. 819, 827-28, 920 P.2d 206 (1996).

Legal issues regarding the propriety of a writ are reviewed de novo. *Burd v. Clarke*,

152 Wn. App. 970, 972, 219 P.3d 950 (2009).

The State filed a mandamus petition in order to compel the Stevens County District

Court to recognize and file preliminary hearing orders issued by the superior court in

district court cases. Because district court clerks act at the direction of district court judges, RCW 3.54.020, the mandamus petition was directed at Stevens County District Court Judge Tveit. According to the State, mandamus should issue because Judge Tveit's instruction that the district court staff not accept preliminary hearing orders from superior court is based on a mistake of law. According to the State, the superior court retains authority to hold a preliminary hearing and enter related orders, even after a district court case has been filed and the district court has assumed exclusive original jurisdiction over the trial process.

Our assessment of the State's position requires an analysis of superior court jurisdiction and how that jurisdiction is, or is not, limited by a district court's exercise of jurisdiction over a particular criminal case. In this context, the term "jurisdiction" refers to a court's power to act. *ZDI Gaming, Inc. v. Wash. State Gambling Comm'n*, 173 Wn.2d 608, 616, 268 P.3d 929 (2012).

Superior and district courts are separate courts, but they enjoy a significant amount of concurrent criminal authority. The superior court's authority is derived directly from the state constitution. WASH. CONST. art. IV, § 5. A superior court has broad criminal jurisdiction over felonies and misdemeanors "not otherwise provided for by law." *Id*. at § 6. In contrast to superior courts, a district court's powers are limited to what is

prescribed by statute.  *Id*. at §§ 10, 12.[1]  The statute setting forth a district court's criminal jurisdiction is RCW 3.66.060.  Among other things, this statute grants a district court jurisdiction over all misdemeanors and gross misdemeanors.  This conferral of authority is explicitly concurrent with the jurisdiction of the superior court.  RCW 3.66.060.

Concurrent jurisdiction carries a risk of misuse.  Left unchecked, a prosecutor might abuse his or her access to concurrent courts by filing "'successive prosecutions based upon essentially the same conduct'" in order to "'hedge against the risk of an unsympathetic jury,'" place an unwarranted "'hold upon a person after he [or she] has been sentenced to imprisonment,'" or might simply "'harass'" an accused person "'by multiplicity of trials.'"  *State v. McNeil*, 20 Wn. App. 527, 532, 582 P.2d 524 (1978) (internal quotation marks omitted) (quoting COMMENTARY TO ABA STANDARDS RELATING TO JOINDER AND SEVERANCE, § 1.3 at 19 (Approved Draft, 1968)).

To guard against misuse of concurrent jurisdiction, our case law has developed the doctrine of priority of action.  Also known as the first-in-time rule, the priority of action doctrine holds that "the court which first gains jurisdiction of a cause retains the exclusive authority to deal with the action until the controversy is resolved."  *Sherwin v. Arveson*, 96 Wn.2d 77, 80, 633 P.2d 1335 (1981); *see also State ex. rel. Harger v. Chapman*,

---

[1] The state constitution refers to district court judges as "justices of the peace."  *Id*.

131 Wash. 581, 584-85, 230 P. 833 (1924). The priority of action doctrine is reflected in the procedural rules governing district court, which provide that "[i]f two or more charging documents are filed against the same defendant for the same offense in different courts, and if each court has jurisdiction, the court in which the first charging document was filed shall try the case." CrRLJ 5.3.

Whether the priority of action doctrine applies in a given case turns on principles of res judicata. In order for the priority of action doctrine to apply, "there must be identity of [(1)] subject matter, [(2)] relief, and [(3)] parties." *Am. Mobile Homes of Wash. v. Seattle-First Nat'l Bank*, 115 Wn.2d 307, 317, 796 P.2d 1276 (1990). If these criteria are not met, the doctrine does not apply and a court retains authority to act according to its concurrent jurisdiction. *In re Search Warrant for 13811 Highway 99*, 194 Wn. App. 365, 374, 378 P.3d 568 (2016).

We have previously held that the priority of action doctrine does not apply in the search warrant context. *See*, *e.g.*, *id*. at 374-75; *State v. Stock*, 44 Wn. App. 467, 474, 722 P.2d 1330 (1986). Although superior courts share authority to issue search warrants with courts of limited jurisdiction, *see* RCW 10.79.035 and RCW 2.20.030, a search warrant proceeding is distinct from a criminal trial and has no preclusive effect on the trial process. *Stock*, 44 Wn. App. at 474-75. Looking at the priority of action test, none of the three elements of identity—parties, subject matter, and requested relief—are

present. *Search Warrant for 13811 Highway 99*, 194 Wn. App. at 374. Thus, the existence of a criminal charge in one court does not preclude another court from addressing a search warrant application.

The priority of action analysis yields the same result for preliminary appearance hearings as it does for search warrant proceedings. There is no shared identity between a preliminary appearance hearing and a criminal trial. A preliminary appearance hearing is a special proceeding that is not considered a "critical stage" of a criminal prosecution. *See Gerstein v. Pugh*, 420 U.S. 103, 122-23, 95 S. Ct. 854, 43 L. Ed. 2d 54 (1975); *State v. Jackson*, 66 Wn.2d 24, 28-29, 400 P.2d 774 (1965); *see also* RCW 3.66.060(1), (2) (differentiating between the power over a criminal trial and the power to conduct preliminary hearings). The subject matter of a preliminary appearance hearing is limited to a nonadversarial determination of probable cause, appointment of counsel, custody, and an advisement of rights. CrR 3.2.1; CrRLJ 3.2.1. Nothing decided at a preliminary hearing has any preclusive effect at a subsequent trial. Indeed, because a preliminary appearance hearing is not a critical stage of a criminal prosecution, the topics of trial—guilt and punishment—are not available for resolution. *See Gerstein*, 420 U.S. at 122; *Jackson*, 66 Wn.2d at 28-29; *In re Pers. Restraint of Sanchez*, 197 Wn. App. 686, 702, 391 P.3d 517 (2017).

The motivating purposes of the priority of action rule would not be served by applying it in the current circumstances. Permitting different courts to handle a preliminary hearing and criminal trial does not create a risk of prosecutorial mischief. To the contrary, broadening the number of courts empowered to handle a preliminary hearing helps protect a defendant's right to be free of unwarranted detention.

As is true in the search warrant context, a court's authority to conduct a preliminary hearing is separate from the authority to adjudicate a criminal trial. The criminal trial process commences with the filing of formal charges and subsequent arraignment. CrR 2.1, 3.3(c)(1), 4.1; CrRLJ 2.1, 3.3(c)(1), 4.1. In this context, a court's role is reactive; it has no authority to proceed without receiving some sort of formal charge. But a preliminary hearing is different. A court has a constitutional duty to take proactive measures to protect the rights of detained persons. *County of Riverside v. McLaughlin*, 500 U.S. 44, 52-53, 111 S. Ct. 1661, 114 L. Ed. 2d 49 (1991). This duty persists regardless of whether the prosecutor's office has filed formal charges. *See Gerstein*, 420 U.S. at 116-17. Our court rules recognize this unique duty and specify that district and superior courts have a shared responsibility for ensuring that "any" person detained is afforded a prompt preliminary hearing, regardless of whether charges have been filed or in which court. CrR 3.2.1(d)(1); CrRLJ 3.2.1(d)(1).

9

No. 35966-2-III
*State v. Stevens County Dist. Court Judge*

Because a preliminary hearing is a proceeding separate from the process of a criminal trial, Judge Tveit's directive that the Stevens County District Court not accept preliminary appearance orders from superior court was legally erroneous. Unless a preliminary appearance hearing has already been held, the superior court retains the power and duty to promptly hold a preliminary appearance hearing for a detained person, even if a charge has been filed in district court. The State is therefore entitled to mandamus, directing Judge Tveit to recognize the legal validity of superior court orders in this context.

## CONCLUSION

This matter is reversed and remanded to superior court with instructions to grant the State's petition for writ of mandamus.

Pennell, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Korsmo, J.

10