IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 37483-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| STEVENS COUNTY DISTRICT COURT | ) | |
| JUDGE & STEVENS COUNTY | ) | |
| DISTRICT COURT, | ) | |
| | ) | |
| Respondent. | ) | |

FEARING, J. — In our second review of this case, we must decide whether the Stevens County Superior Court complied with the Washington Supreme Court's mandate commanding the Superior Court to issue a writ of mandamus directing the Stevens County District Court to accept certain Superior Court orders for filing. We hold in the affirmative and confirm the Superior Court's order for writ.

FACTS

On January 29, 2018, the Stevens County Superior Court ordered all preliminary appearance hearings for misdemeanors and gross misdemeanors to be heard by the Superior Court, including cases initially filed in the Stevens County District Court. The Superior Court justified this order as preventing scheduling conflicts between the courts, court clerks, prosecutors, defense counsel, and the county jail.

On February 2, 2018, District Court Judge Gina Tveit ordered the district court staff not to file any orders in a district court case unless those orders had been signed by a district court judge. This direction barred the filing of orders signed by a superior court judge and effectively barred the handling of any misdemeanor proceedings by a superior court judge. The February 2 district court order obviously conflicted with the January 29 superior court order.

On February 8, 2018, the State of Washington sought a writ of mandamus with the Stevens County Superior Court directing the Stevens County District Court to permit filing of orders signed by superior court judges. The superior court subsequently ordered an alternative writ against the district court directing the court to comply with the writ or to show cause as to why she has not complied. The district court objected to the writ.

On March 7, 2018, a visiting judge in the Stevens County Superior Court held the Stevens County District Court was not required to recognize the superior court's orders in cases originally filed in the district court. The visiting judge observed that neither party

cited to any case law or statute granting the superior court the authority to sign orders for misdemeanors absent the district court's authorization.

The State of Washington appealed to this court, which reversed and held that the district court could not refuse to file superior court orders. *State v. Stevens County District Court Judge*, 7 Wn. App. 2d 927, 936, 436 P.3d 430, *aff'd*, 194 Wn.2d 898, 453 P.3d 984 (2019). This court remanded to the superior court with instructions to grant the State's writ of mandamus petition.

The district sought review from the Washington Supreme Court, and the high court granted review. The Washington Supreme Court addressed the issue of whether a superior court may "conduct preliminary appearance hearings and enter related orders in all county misdemeanors and gross misdemeanors, even when a charge has been filed in the country's district court and the district court assumed exclusive jurisdiction over the trial process[.]" *State v. Stevens County District Court Judge*, 194 Wn.2d 898, 902, 453 P.3d 984 (2019). The opening sentence to the Supreme Court's opinion states:

> This case asks us to determine whether a superior court may conduct preliminary appearance hearings for misdemeanors and gross misdemeanors originally filed in district court.

*State v. Stevens County District Court Judge*, 194 Wn.2d at 900.

The state high court affirmed this court's judgment and remanded to the superior court to issue a writ of mandamus against the district court. At the conclusion of the opinion, the court wrote:

3

No. 37483-1-III
*State v. Stevens County District Judge*

> We hold the Superior Court may preside over preliminary appearance hearings for misdemeanors and gross misdemeanors originally filed in the District Court. Court rules authorize the Superior Court to preside over these hearings regardless of whether the case was originally filed in the Superior Court or the District Court. Furthermore, RCW 3.66.060 does not restrict the Superior Court's authority to preside over these hearings. Accordingly, we affirm the Court of Appeals' judgment and remand the case to the Stevens County Superior Court to issue a writ of mandamus against the Stevens County District Court to accept cases from the Superior Court.

*State v. Stevens County District Court Judge*, 194 Wn.2d at 908. The Supreme Court

issued a mandate on January 15, 2020, which writ read:

> This case is mandated to the superior court from which the appellate review was taken for further proceedings in accordance with the attached true copy of the opinion.

Clerk's Papers (CP) at 71.

### PROCEDURE

On remand to the Stevens County Superior Court, the State of Washington

presented a proposed peremptory writ of mandamus, which would order the Stevens

County District Court as follows:

> The Stevens County District Court is further permanently and in perpetuity COMMANDED to accept, file, and comply with all orders signed by a Stevens County Superior Court Judge or Stevens County Superior Court Commissioner in a Stevens County criminal matter, including but not limited to Rule 3.2 Hearing Orders Conditions of Release, Warrants, or Orders Quashing Warrants.

CP at 3.

4

The Stevens County District Court objected to the State's proposed writ. The district court characterized the proposed writ as overly broad in that it required the district court to accept, file, and comply with all orders from the superior court. The district court contended that the Supreme Court's ruling only addressed the superior court's authority to preside over preliminary appearances in misdemeanor prosecutions.

A visiting judge of the Stevens County Superior Court agreed with the district court's position. The visiting judge, on February 18, 2020, signed an "Order for Peremptory Writ of Mandamus." The order reads as follows:

> [T]his court does hereby:
> ORDER That the Stevens County District Court shall accept for filings those orders signed by the Stevens County Superior Court judges and commissioners from preliminary appearance hearings for misdemeanors and gross misdemeanors in cases originally filed in said district court.

CP at 12. The visiting judge concluded that the Supreme Court's mandate did not authorize or require the superior court to hear proceedings with regard to all defendants being held in custody on district court charges. The judge noted that the State did not argue on appeal to either this court or the Supreme Court that the proposed writ was intended to apply to situations other than preliminary appearances. The visiting judge did not insert a return date on the order for writ.

5

No. 37483-1-III
*State v. Stevens County District Judge*

LAW AND ANALYSIS

On appeal, the State of Washington challenges the Stevens County Superior Court ruling's format and substance. The State seeks to invalidate the ruling because the court signed an "order for writ," rather than a "writ." The State also seeks to void the ruling because of the lack of a return date. In addition, the State complains that the superior court order does not comply with the Supreme Court ruling in that the superior court narrowly defined the directions of the Supreme Court.

Writ Format

*Issue 1: Whether the superior court erred when entering an "Order for Peremptory Writ of Mandamus," rather than a "Writ?"*

*Answer 1: No.*

The State contends that the Stevens County Superior Court order for writ lacks a proper format in violation of RCW 7.16.180. The State argues that the Supreme Court mandated that the superior court issue a writ, not an order for writ, and therefore, the superior court erred.

RCW 7.16.180 governs the format of writs of mandamus. The statute declares:

> The *writ* may be either alternative or peremptory. The alternative writ must state generally the allegation against the party to whom it is directed, and command such party, immediately after the receipt of the writ, or at some other specified time, to do the act required to be performed, or to show cause before the court, at a specified time and place, why he or she has not done so. The peremptory writ *must be in some similar form*, except

6

> the words requiring the party to show cause why he or she has not done as commanded must be omitted and a *return day inserted.*

(Emphasis added.)  The writ challenged on appeal is a peremptory writ.

The Stevens County Superior Court captioned its February 20, 2020 directive as an "Order for Peremptory Writ of Mandamus."  We hold that the issuance of an order, rather than a writ, does not invalidate the validity of the writ or excuse the district court from following the order.  Nothing in RCW 7.16.180 requires any magic words or voids the writ if the phrase "order for" proceeds the word "writ" in the title.  The substance of the order, in compliance with RCW 7.16.180, included the party required to act and the instruction with which the party must comply.

*Issue 2: Whether the superior court erred when failing to insert a return date in the order for writ?*

*Answer 2: Because of the unique directions in the order, no.*

We have some concern that the peremptory writ fails to insert a return date as directed by RCW 7.16.180.  Nevertheless, the writ demands continuing compliance of its terms, rather than demanding that the district court complete a discrete task by a date certain.  Under these circumstances, a return date makes little sense.  For this reason, we conclude that the lack of a return date does not void the order for writ.

*Issue 3: Whether the superior court erred by narrowing the State's proposed writ to instances of misdemeanors rather than all in-custody criminal proceedings?*

7

*Answer 3: No.*

The State contends that the superior court interpreted the Supreme Court's mandate too narrowly. The State argues that the Supreme Court held that the writ should direct the district court to accept all filings related to in-custody criminal proceedings. The State contends that the superior court thereby erred by failing to include in its order: (1) cases not originally filed in district court, (2) arrests and initial appearances based on a district court's bench warrant, and (3) arrests and initial appearances based on probation violations from a district court.

In support of its assignment of error, the State requests this court to direct the Stevens County Superior Court to strictly follow the Supreme Court's ruling and mandate. In turn, the district court asks this court to limit its review to whether the superior court abused discretion in following the Supreme Court's ruling. We believe we can follow each request and arrive at the same decision.

The Washington Supreme Court's opening line in its opinion declared:

> This case asks us to determine whether a superior court may conduct *preliminary appearance hearings for misdemeanors and gross misdemeanors originally filed in district court*.

*State v. Stevens County District Court Judge*, 194 Wn.2d 898, 900 (2019) (emphasis added). The Supreme Court concluded its opinion as follows:

> We hold the Superior Court may preside over *preliminary appearance hearings for misdemeanors and gross misdemeanors originally filed in the District Court*. Court rules authorize the Superior Court to

8

> preside over these hearings regardless of whether the case was originally filed in the Superior Court or the District Court. Furthermore, RCW 3.66.060 does not restrict the Superior Court's authority to preside over these hearings. Accordingly, we affirm the Court of Appeals' judgment and remand the case to the Stevens County Superior Court to *issue a writ of mandamus against the Stevens County District Court to accept cases from the Superior Court.*

*State v. Stevens County District Court Judge*, 194 Wn.2d at 908 (emphasis added). Note that the closing line, highlighted by the State, reads broadly, while two other lines in the opinion mention only preliminary appearances for misdemeanors and gross misdemeanors.

While we agree with the State that the superior court must strictly follow the Supreme Court's decision, we also conclude that the superior court and this court must consider the entirety and context of the Supreme Court decision. The Supreme Court stated twice that the only issue before it concerned the superior court's authority to preside over preliminary appearances in misdemeanor cases. During litigation, the State only mentioned preliminary appearances in misdemeanor cases. We conclude that the superior court did not err when refusing to sign the State's proposed writ of mandamus and when signing the court's own writ.

In advancing its own proposed writ of mandamus, the State emphasizes some broad language in this court's first opinion. We previously wrote:

> This matter is reversed and remanded to superior court with instructions to grant the State's petition for writ of mandamus.

9

*State v. Stevens County Dist. Court Judge*, 7 Wn. App. 2d 927, 936 (2019).  Nevertheless, the superior court must follow the ruling of the Supreme Court, not the Court of Appeals.

Finally, the State asserts that the superior court misapprehended CrR 3.2 and CrRLJ 3.2.  The State highlights that CrR 3.2 and CrRLJ 3.2 apply to all in-custody appearances, not merely preliminary appearance hearings.  The district court responds that the Supreme Court did not require the superior court to construe the criminal rules. Rather, the high court ordered the superior court only to enter an order consistent with the Supreme Court's mandate.  We agree with the district court.

The Supreme Court's opinion observed that the court rules authorize the superior court to preside over preliminary appearance hearings for misdemeanors and gross misdemeanors:

> We hold the Superior Court may preside over preliminary appearance hearings for misdemeanors and gross misdemeanors originally filed in the District Court.  *Court rules authorize the Superior Court to preside over these hearings* regardless of whether the case was originally filed in the Superior Court or the District Court.

*State v. Stevens County District Court Judge*, 194 Wn.2d 898, 908 (2019).  The Supreme Court itself construed the criminal rules relevant to this case.  The Supreme Court did not direct the superior court to construe the rules further.  The superior court's only duty is to follow the Supreme Court's instructions.

10

No. 37483-1-III
*State v. Stevens County District Judge*


CONCLUSION

We affirm the Stevens County Superior Court's order for writ entered on February

20, 2020.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Fearing, J.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Staab, J.

11