**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

FILE
For the current opinion, go to https://www.lexisnexis.com/clients/wareports/

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
JULY 22, 2021

~González, C.J.~
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
JULY 22, 2021

ERIN L. LENNON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Welfare of | NO. 98965-6 |
| K.D., | EN BANC |
| A minor child. | Filed July 22, 2021 |

STEPHENS, J.—We granted discretionary review in this case to address a concern about inconsistent practices among the three divisions of the Court of Appeals in creating case titles in dependency and termination proceedings.[1] Inconsistency in the use of parties' names in such case titles has been an issue among Washington appellate courts for several years. While all three divisions generally use initials in place of children's names, Division One routinely adds parents' full names to case titles along with their designation as "appellant." Division Two often changes case titles to designate appealing parents, but uses parents' initials rather than their names. And Division Three typically does not include the names or initials of appealing

---

[1] We denied review of petitioner D.G.'s challenge to the termination order, which was entered by the King County Superior Court on July 5, 2019 and later affirmed by the Court of Appeals. The validity of that order is not before us.

*In the Matter of the Welfare of K.D.*, No. 98965-6

parents. In this case, Division One followed its typical practice by changing the case

title from that created in the superior court to add the mother's full name and replace

the child's name with initials, while retaining the child's birth date. We conclude

this practice is inconsistent with RAP 3.4 and the 2018 Court of Appeals General

Order. Accordingly, we remand with instructions for the Court of Appeals to revise

the case title in accordance with the court rule and general order.

Our analysis is grounded in the clear requirements of RAP 3.4, which

provides:

> The title of a case in the appellate court is the same as in
> the trial court except that the party seeking review by
> appeal is called an "appellant," the party seeking
> review by discretionary review is called a "petitioner,"
> and an adverse party on review is called a "respondent."
>
> Upon motion of a party or on the court's own motion, and
> after notice to the parties, the Supreme Court or the Court
> of Appeals may change the title of a case by order in said
> case. In a juvenile offender case, the parties shall caption
> the case using the juvenile's initials. The parties shall refer
> to the juvenile by his or her initials throughout all
> briefing and pleadings filed in the appellate court, and
> shall refer to any related individuals in such a way as to
> not disclose the juvenile's identity. However, the trial
> court record need not be redacted to eliminate references
> to the juvenile's identity.

Consistent with this rule, the Court of Appeals in 2018 adopted a general order for

changes to certain case titles on appeal. *See* Gen. Order for the Court of Appeals, *In*

*re Changes to Case Title* (Wash. Ct. App. Aug. 22, 2018),

2

*In the Matter of the Welfare of K.D.*, No. 98965-6

https://www.courts.wa.gov/appellate_trial_courts/. Together, the rule and the general order require that identifying information about juveniles be removed from the case title in dependency and termination proceedings (as well as in other specified types of proceedings). Here, Division One complied with the rule and the general order in part, appropriately replacing the child's name with initials. However, it left in the child's identifying birth date and, moreover, erroneously added the mother's full name to the case title along with her designation as the appellant. Including such information in case titles often makes it easier to identify the children involved, undermining the privacy protections intended by RAP 3.4.[2]

In denying the mother's motion to remove her name from the case title, the clerk of Division One explained the mother's full name was added in order to comply with the language in RAP 3.4 regarding the proper designation of the parties on appeal. That reasoning is mistaken. Reading RAP 3.4 in its entirety, there can be no doubt the rule's provision on designating parties seeks to provide clarification of any *change* to the designation of the already-captioned parties as the case moves from the superior court to the appellate court. For example, the "plaintiff" may be

---

[2] We note that RAP 3.4 contemplates a motion and ruling to document changes to the case title on appeal. None of the three divisions of the Court of Appeals appear to be regularly complying with this procedural requirement. We emphasize that it serves an essential purpose to provide notice and an opportunity to be heard before any changes are made to the case title in dependency and termination proceedings.

3

redesignated as the "respondent." Here, the mother, D.G., was never listed as a party in the superior court case title, and she did not need to be included in the Court of Appeals case title at all.[3] Instead, the appellate court may simply replace the child's name with initials and remove other identifying information, such as birth dates, in compliance with RAP 3.4 and the 2018 Court of Appeals General Order. Neither the court rule nor the general order requires redaction of the child's name from the superior court record.

We remand this matter to the Court of Appeals to revise its case title on appeal consistent with RAP 3.4 and the 2018 general order's requirements.[4]

---

[3] D.G. accurately notes that the practice differs in other types of cases with similar caption formats, i.e., captions that do not list all parties. *See, e.g.*, Suppl. Br. of Pet'r at 10-11, nn.5, 8, 10 (citing *In re Search Warrant for 13811 Highway 99*, 194 Wn. App. 365, 378 P.3d 568 (2016); *In re Miller Testamentary Credit Shelter Tr.*, 13 Wn. App. 2d 99, 462 P.3d 878 (2020); *In re Interest of M.B.*, 101 Wn. App. 425, 3 P.3d 780 (2000)). In these cases, Division One, like other courts, retains the superior court case title without the need to add the name and designation of any appellant or respondent.

[4] Because our review is limited to issues involving the case title on appeal, we decline to address D.G.'s request that her full name be removed from the text of the Court of Appeals opinion. Nothing in this opinion precludes the Court of Appeals from granting that relief on remand, consistent with the animating principle of RAP 3.4 and the 2018 general order.

Stephens, J.

WE CONCUR:

Gonzàlez, C.J.

Gordon McCloud, J.

Johnson, J.

Yu, J.

Madsen, J.

Montoya-Lewis, J.

Owens, J.

Whitener, J.